IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERONDA POWELL, | |
| Plaintiff, | 8:20CV427 |
| vs. | |
| DOANE UNIVERSITY, | ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion to Compel (Filing No. 35). For the reasons explained below the motion will be granted, in part.

## BACKGROUND

In this case, Plaintiff asserts claims for employment discrimination based on gender and retaliation in violation of Title VII and Title IX. In August, 2019, Plaintiff was hired by Defendant to coach its women's basketball team. Approximately three months later, Plaintiff was terminated. Plaintiff maintains she was fired due to complaints she made about inadequate resources for female athletes compared to male athletes. Plaintiff contends her firing was also the result of her requesting assistance in handling problems with her assistant coach. Defendant denies Plaintiff's allegations and contends Plaintiff was terminated for performance-related issues.

On September 1, 2021, Plaintiff's counsel contacted the Court regarding a discovery dispute. The Court directed counsel to jointly complete a discovery dispute chart provided by the Court, which required counsel to list the discovery requests at issue and then state the parties'

respective positions as to each individual request in dispute. The chart also allowed the parties to indicate any compromises reached with respect to a discovery request.

Counsel submitted the chart to the Court on or about September 10, 2021, identifying the following requests at issue: Plaintiff's Interrogatory Nos. 7, 8, 9, 10, 11, 12, and 13; Plaintiff's Document Production Request Nos. 2, 3, 4, 11, 12, 18, 19, 20, 21, 22, 23, 24, 26, 30, 31, 32, 33, 34, 35, 36, 37, 39, 46, 47, 52, 53, 54, and 56. The chart indicated the parties had resolved their dispute as it pertained to Plaintiff's Interrogatory Nos. 12 and 13, and Plaintiff's Document Production Request Nos. 23, 24, and 56. The chart also indicated there had been compromises on certain issues pertaining to other requests. Upon review of the chart, as well as separate position statements submitted by the parties, the Court granted Plaintiff leave to file a motion to compel. The instant motion followed. This Order will address the disputes pertaining to the discovery requests listed in the chart that have not yet been resolved.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevancy is broadly construed, and "[d]iscovery requests should be considered relevant if there is any possibility the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear the information sought can have no possible bearing on the subject matter of the action." *Met–Pro Corp. v. Industrial Air Technology, Corp.*, No. 8:07CV262, 2009 WL 553017, at * 3 (D. Neb. Mar. 4, 2009). However, the scope of discovery is not unlimited. A court must limit the frequency or extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if it is "outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b).

Defendant objected to the interrogatories and document production requests identified above on various grounds, including that the requests sought irrelevant information, were overly broad, unduly burdensome, and not proportional to the needs of the case. Having examined the requests, the Court finds that they generally seek relevant information. However, many of the requests are overly broad for several reasons. Therefore, the scope of the requests will be limited as set forth below. The Court will not entirely revise the discovery requests for the parties. Instead, the parties will be directed to meet and confer regarding the objectionable requests, keeping in mind the Court's rulings in this Order.

1. **Scope of Time**

Defendant contends that the time frames identified in the discovery requests are overly broad. The time frame set out in several of the requests dates back as far as 2014. Defendant argues this look-back period is unreasonable, particularly given that Plaintiff was only employed with Defendant for approximately three months. The Court agrees. The Court finds that the relevant look-back period for all requests, except as otherwise stated below or as more narrowly set out in Plaintiff's discovery requests, should begin on July 1, 2017, which is approximately one year before the date Plaintiff's supervisor, Athletic Director Matthew Franzen ("Mr. Franzen"), was promoted to that position. Given Mr. Franzen's relatively short tenure as athletic director at the time Plaintiff was hired and fired, the Court will extend the period back one year from the date of his promotion.

2. **Similarly Situated Employees and Personnel Files**

Defendant maintains the discovery requests seek irrelevant information and are overly broad because they request information about employees who are not similarly situated to Plaintiff. To establish a prima facie case of gender discrimination, a plaintiff must demonstrate that she (1) is a member of a protected class; (2) was qualified to perform her job; (3) suffered an adverse employment action; and (4) was treated differently than similarly situated persons of the opposite sex. *LaCroix v. Sears, Roebuck, and Co.*, 240 F.3d 688, 693 (8th Cir. 2001). If the plaintiff makes this showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its action. *Fiero v. CGS Systems, Inc.*, 759 F.3d 874, 878 (8th Cir. 2014). If the employer meets that burden, the plaintiff must show that the proffered nondiscriminatory reason is merely a

pretext for discrimination. *Id*. Evidence of disparate treatment can support a finding of pretext, but "the employee or employees with whom a plaintiff wishes to be compared must have been similarly situated to the plaintiff in all relevant respects." *Britton v. City of Poplar Bluff, Mo.*, 244 F.3d 994, 998 (8th Cir. 2001). "To be similarly situated two employees ordinarily must deal with the same supervisor or the decision-maker must be the same in both instances." *Betz v. Chertoff*, 578 F.3d 929, 934 (8th Cir. 2009).

The Court finds that Plaintiff's discovery requests, as written, encompass individuals who are not similarly situated to Plaintiff. Based on the allegations underlying this suit, the Court finds that "similarly situated employees" include all *head* coaches, male or female, in Defendant's athletic department for the time-period set out above. Thus, Defendant shall produce the personnel files of these individuals. However, production of personnel file information will be limited to performance evaluations, complaints, materials pertaining to investigations, and documents reflecting disciplinary actions. Production of coaching contracts is not required, nor is production of the personnel files of trial witnesses who are not similarly situated to Plaintiff or involved in the alleged discrimination. *Williams v. Board of County Com'rs*, No. 98-2485-JTM, 2000 WL 823909, at *5 (D. Kan. June 21, 2000) ("[M]erely because a person may be called as a witness at trial does not justify disclosure of his/her personnel file").

Defendant will also be ordered to produce the personnel files of Mr. Franzen and Laura Northup ("Ms. Northup"), Defendant's Director of Human Resources. It appears that as Athletic Director, Mr. Franzen supervised all head coaches in the athletic department. Although Ms. Northup was not Plaintiff's direct supervisor, she was involved in the decision to terminate Plaintiff. The production of the personnel files for these two individuals will also be limited to performance evaluations, complaints, materials pertaining to investigations, and documents reflecting disciplinary actions.

The discovery requests seeking information about complaints, investigations or disciplinary actions resulting from complaints are likewise limited to complaints, investigations or disciplinary actions pertaining to head coaches, Mr. Franzen, and Ms. Northup. Production will not be ordered to extend to assistant coaches, coaching personnel, or other staff. Moreover, in responding to these types of requests, such as Interrogatory Nos. 8 and 9, Defendant will not be required to sift through random student or random employee records. Rather, complaints,

4

investigations, or disciplinary actions should involve those made by student athletes (or someone on their behalf) and employees within the athletic department about head coaches, Mr. Franzen, and Ms. Northup. Also, to clarify, in responding to the discovery requests, Defendant does not need to interview individuals who were never employed by Defendant, such as athletes or parents, or identify these individuals by name.

### 3. Financial Statements

Plaintiff has requested production of Defendant's financial statements, including Defendant's "statements of assets, liabilities, changes in financial position and accompanying notations for year-end 2017, 2018, 2019, 2020, and 2021 (or the most current report for the year that this case goes to trial)," including documents related to audit reports. (Filing No. 35-5.) Plaintiff maintains this information is necessary for the assessment of punitive damages. However, only Defendant's current financial health is relevant to the issue of punitive damages. *See Bachman v. Bachman*, No. 8:19CV276, 2021 WL 1060543, at *8 (D. Neb. Mar. 19, 2021). Therefore, the production of financial information will be limited to financial statements, including statements of assets, liabilities, and changes in financial position, for the year 2022 or, if not yet available, the year 2021.

### 4. Budgetary Information

Document Production Request No. 32 seeks a list of "yearly itemized appropriated monies in a tabular or excel sheet showing requested budgets, and year-end budget numbers for each athletic department program since 2014 to the present." (Filing No. 35-5.) Request No. 33 seeks "all Budget Request Lists and budget meeting notes taken by the senior administrators." (Filing No. 35-5.) Defendant asserts that the requests are unduly burdensome because responding to the requests would require Defendant to speak to all head coaches of all athletic programs, athletic directors, and all those personnel involved with budgets over a six-year period to determine and then locate and provide documents related to budget. The Court agrees the scope of these requests is overly broad.

In the discovery dispute chart completed by the parties, Plaintiff stated that she does not ask that Defendant create any new reports and only asks for production of existing responsive records. Plaintiff also agreed to limit the time frame to the past five years. Defendant indicated

in the chart that it would produce itemized appropriated monies showing requested budgets and year-end budget numbers for the period Mr. Franzen was serving as the athletic director for the women's and men's basketball teams, to the extent such information is available. Keeping these compromises in mind, the Court will limit production of the information requested in these requests to production of itemized appropriated monies showing requested budgets and year-end budget numbers for athletic department programs, to the extent such information is available, for the last five years.

### 5. Other Requests

In response to the requests specifically identified below, Defendant shall produce the information listed (to the extent not privileged), *in accordance with the other parameters set out above*.

1. Request No. 11: A job description for all varsity head coaches, to the extent these exist;

2. Request No. 21: Athletic program evaluations maintained by Defendant, excluding those *exclusively* contained in student athlete files;

3. Request Nos. 22 and 35: A statement of the winning-losing record of each varsity athletic team;

4. Request Nos. 30, 31, 36, 37, and 52: Responsive, non-privileged documents; and

5. Request No. 39: Evaluations, complaints, investigations, documents reflecting disciplinary actions, and curriculum vitae/resume from the personnel files of Ryan Baumgartner.

The parties shall confer regarding those requests not specifically addressed in this Order also keeping in mind the rulings set out in this Order. The parties are advised that the Court may reconsider its rulings with respect to the discovery requests at issue depending upon what is produced through this initial production.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Compel (Filing No. 35) is granted, in part, in accordance with the provisions of this Order. Within ten days of this Order, the parties shall meet and confer regarding Defendant's supplementation of its responses to the objectionable

requests, keeping in mind the Court's rulings. Defendant shall supplement its discovery responses no later than thirty-days following the meet and confer conference, unless otherwise agreed by the parties.

Dated this 12th day of April, 2022.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge