IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHERONDA POWELL,

Plaintiff,                                    **8:20CV427**

vs.

**ORDER**

DOANE UNIVERSITY,

Defendant.

This matter is before the Court on Defendant's Motion to Strike ([Filing No. 91](#)) and Plaintiff's Motion to Extend Deadline. ([Filing No. 93](#).)  Neither party has filed a brief directly in response to the other's motion.

For the reasons set out below, Defendant's Motion to Strike will be granted, in part. Plaintiff's Motion to Extend Deadline will be granted.

## BACKGROUND

Plaintiff filed a Motion to Compel on March 24, 2023.  ([Filing No. 65](#).) Defendant filed its brief in opposition to the Motion to Compel on April 14, 2023.  ([Filing No. 73](#).)  Plaintiff filed a reply brief in support of her Motion to Compel on April 27, 2023, and then filed several exhibits in support of the Motion on April 28, 2023.  ([Filing Nos. 88](#), [89](#), [90](#).)

Defendant filed the instant Motion to Strike on April 28, 2023. Defendant argues Plaintiff's reply brief and exhibits should be stricken because they were not timely filed.  Defendant also argues that the documents should be stricken because Plaintiff filed her exhibits without a supplemental index of evidence or affidavit, in violation of NECivR 7.1 and NECivR 10.1.  In the

alternative to striking Plaintiff's filings, Defendant requests that it be granted leave to file a sur-reply brief in opposition to Plaintiff's Motion to Compel, along with a supplemental index of evidence and supporting evidence.

On April 28, 2023, after Defendant filed its Motion to Strike, Plaintiff filed the instant Motion to Extend Deadline.  In the Motion to Extend, Plaintiff's counsel states that the reply brief in support of the Motion to Compel was filed late due to a calendaring error.  Plaintiff's counsel acknowledges she did not comply with the Court's local rules regarding an index of evidence and affidavit. However, counsel requests that the deadline for Plaintiff's reply brief be extended and that she be permitted to correct her pleadings to conform with the local rules.  Plaintiff's motion indicates she does not object to Defendant's request to file a sur-reply in opposition to the Motion to Compel.

## DISCUSSION

It is undisputed that Plaintiff's reply brief was untimely.  Plaintiff's reply brief was filed thirteen days after Defendant filed its brief in opposition to Plaintiff's Motion to Compel.  *See* NECivR 7.1 ("[A] reply brief . . . must be filed and served within 7 days after the opposing party files and serves the opposing brief").  Plaintiff's counsel represents that the delay was due to a calendaring error.  It is also undisputed that Plaintiff did not file an index of evidence and supporting affidavit with her reply brief in violation of this Court's local rules. *See* NECivR 10.1 ("[E]vidence, exhibits, and attachments in support of a motion must be identified on an electronically filed index of evidence, which must identify the related motion"); NECivR 7.1 ("[A]n affidavit must identify and authenticate any documents offered as evidence").

Federal Rule of Civil Procedure 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6.  Another subsection of Rule 6 provides that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). Because the time for Plaintiff's reply brief had expired by the time the Motion to Extend was filed, Plaintiff is required to demonstrate not only "good cause," but "excusable neglect."

"The primary measure of good cause is the movant's diligence in attempting to meet deadlines." *Albright as Next Friend of Doe v. Mountain Home Sch. Dist.*, 926 F.3d 942, 951 (8th Cir. 2019) (quotation omitted). "Whether a party's neglect of a deadline is excusable is at bottom an equitable inquiry." *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849, 854 (8th Cir. 2021) (quotation omitted). "Relevant considerations include the danger of prejudice to the opposing party, the length of the delay, the reason for the delay, and whether the movant acted in good faith." *Id.* at 854–55.

Having considered the matter, the Court will extend Plaintiff's deadline to file a reply brief and accompanying evidence to conform with the local rules. The Court finds good cause for an extension of the reply brief deadline, and that Plaintiff's error regarding the deadline was excusable. Plaintiff acted diligently in attempting to meet the deadline. Plaintiff's reply brief was only submitted six days late and was untimely due to a calendaring error. Upon realizing her mistake, Plaintiff immediately filed her Motion to Extend. The Motion to Extend was filed the day after her reply brief was filed and the same day Defendant's Motion to Strike was filed. There is no indication that Plaintiff acted in bad faith. Moreover, Plaintiff's untimely submission of her reply brief and oversights with respect to her index of evidence and affidavit did not prejudice Defendant. Further, even assuming there was some prejudice to Defendant, it can be cured by allowing Defendant to file a sur-reply and by permitting Plaintiff to re-file her supporting evidence to conform with the local rules.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Extend Deadline (Filing No. 93) is granted. By July 17, 2023, Plaintiff shall re-file her reply brief in support of her Motion to Compel and the accompanying exhibits (Filing Nos. 88, 89, 90) in accordance with the local rules of this Court.

2. Defendant's Motion to Strike (Filing No. 91) is granted, in part. Plaintiff's reply brief and related filings will not be stricken. However, Defendant is granted leave to file a sur-reply brief in opposition to Plaintiff's Motion to Compel. Defendant shall file its

sur-reply brief, along with a supplemental index of evidence and supporting evidence, by July 18, 2023.

Dated this 13th day of July, 2023.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge